## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| READING VENTURE ONE, L.L.C., a Michigan Limited Liability Company,<br><br>Plaintiff<br><br>v.<br><br>KIM COOPER, an individual resident of Kentucky,<br><br>Defendant. | Civil Action Case No. _____<br><br>Hon. |

## COMPLAINT AND JURY DEMAND

Plaintiff READING VENTURE ONE, L.L.C. d/b/a Orton-Gillingham and d/b/a Institute for Multi-Sensory Education ("Plaintiff"), through its attorneys Fishman Stewart PLLC, assert the following claims against Defendant KIM COOPER ("Defendant").

## <u>NATURE OF THE ACTION</u>

1.      This is an action for copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. §501, an action for remedies under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961-1968, as well as actions for federal trademark infringement under the Lanham Act, 15 U.S.C. §1125(a) and misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b),

and for unfair competition and unjust enrichment under state law.

2.    Briefly, Plaintiff has created, developed and refined course seminars and associated written materials for the training of teachers who work with dyslexic and other types of different learners.   Plaintiff's approach centers on a "multi-sensory" engagement of such pupils when teaching them to read. Defendant, having taken two or three such seminars from Plaintiff, has subsequently, without license, permission, or authorization, re-packaged Plaintiff's written materials into a different font, but with the majority of identical content, deleted Plaintiff's prominent copyright notice and, using such infringing materials, has taught condensed versions of Plaintiff's courses to teachers both directly and through one or more school districts.   Among other violations, Defendant has willfully infringed Plaintiff's proprietary content protected by three federal Copyright Registrations: Registration No.  TX 4-375-061, a Teacher Training Manual dated 1996; No. TX-4-808-435, a Teacher Training Manual dated 1998; and No. TX 8-226-169, a Teacher Training Manual dated 2007.  Combined, the foregoing three U.S. copyright registrations are referred to herein as the "Copyright Registrations."  Defendant's willful infringement of Plaintiff's copyrights for purposes of commercial advantage or private commercial gain as well as her removal of Plaintiff's copyright notice are subject to criminal penalties under 17 U.S.C. § 506 (a) (1) (A) and 17 U.S.C. § 506 (d), respectively, and thus constitute

the basis for Plaintiff's RICO claim, set forth below.

## THE PARTIES

3.      Plaintiff Reading Venture One, L.L.C., d/b/a Orton-Gillingham and d/b/a The Institute for Multi-Sensory Education ("IMSE") is a Michigan limited liability company whose registered office is 19720 Gerald Street, Northville, Wayne County, Michigan 48167.

4.      Upon information and belief, Defendant Kim Cooper is a citizen of Kentucky, residing at 4040 Pine Grove Road, Versailles Kentucky 40383.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 18 U.S.C. §1964 and 28 U.S.C. §§ 1331, 1332(a) (1) and 1338(a) and (b).  On information and belief, the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit of this Court. Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction.  These claims are so related to Plaintiff's federal copyright and trademark infringement claims as to be part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has personal jurisdiction over Defendant.  On information and belief Defendant has directly or through her affiliated Central Kentucky Educational Cooperative posted on the Internet advertisements promoting her

"modified" (infringing) Orton-Gillingham reading instruction teacher training sessions (at $300 per session), visible to all who are interested, including those in this District. See, e.g. **Exhibit A**, which depicts screen shots from two postings of Defendant's training sessions conducted during 2015 on the website of the Central Kentucky Educational Cooperative, http://www.ckec.org/, for special education teachers, using Plaintiff's materials. **Exhibit B** contains postings dated in 2016 from the website of the West Kentucky Educational Cooperative, www.wkec.org, advertising Defendant's modified (2-day training) of teachers using her "(Modified) Orton-Gillingham Training." Interestingly, Defendant, either directly or through the Cooperative, notes that her charge for the training is $200.00 "even though the ticket says free." Further, Defendant has purposefully directed correspondence to Plaintiff's undersigned attorneys in this District regarding her actions as alleged.

7.   Defendant has caused and will continue to cause injury and damage to Plaintiff within this State and District, through her misappropriation of business from Plaintiff and Plaintiff's associated loss of revenues.

8.   Venue in this judicial District is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b) (2). Section 1965(b) provides that process may be served in "any judicial district of the United States" when required by the "ends of justice." Courts have held that such "nationwide service of process" provisions

also confer personal jurisdiction over a defendant in any judicial district so long as the defendant has minimal contacts with the United States. Moreover, this is the judicial District in which a substantial part of the property that is protected by the asserted Copyright Registrations is located. Further, the damages suffered by Plaintiff were suffered in this District.

## GENERAL ALLEGATIONS

### PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS

9.     For over twenty years, Plaintiff has provided and continues to provide educational services based on the renowned Orton-Gillingham approach to teaching reading. In connection therewith, Plaintiff has created several literary works, including its Teacher Training Manual and its Teacher Assessment Manual, both of which are part of its curricula. Plaintiff has also created and offers online training, including lesson planning and refreshers, incorporating its proprietary materials from its website located at www.orton-gillingham.com.

10.     As stated in the copyright and other notices that clearly appear in Plaintiff's manuals, the text and the charts, as well as the arrangement of the graphics, artwork, charts and other content, are unique to Plaintiff and subject to copyright protection. The Copyright Registrations confirm this.

11.     As a source-identifier, Plaintiff uses the common law trademark IMSE (the "Mark") in association with its manuals and the pages therein.

12.     Plaintiff is a leader in the development and provision of multi-sensory approaches to teaching reading to special education pupils through the development and provision of training programs and manuals to teachers in Michigan and at locations throughout the United States.  Plaintiff exercises great care in selecting trainers who present their program to the teachers.  The associated materials are for the teachers to employ in their classrooms and with their own students.  The teachers have no authorization or license to modify the materials and re-cycle and copy them to enable them to train other teachers.  Indeed, Plaintiff expends substantial money and efforts to control the nature and quality of the materials and services that such trainers may employ in using the Mark.

13.     Because of these efforts, the Mark and the materials that display it have developed substantial good will and as a result of the quality of Plaintiff's programming and widespread promotion thereof under the Mark, Plaintiff's goods and services have met with substantial commercial success and widespread recognition among educators.  As a further result, Plaintiff's Mark has become a symbol of Plaintiff, its quality materials and services, and its goodwill.

## DEFENDANT'S WRONGFUL ACTS

14.     On information and belief, Defendant attended Plaintiff's five-day training session in April of 2007, and, as well, an IMSE Refresher in 2009. Attached as **Exhibit C** is a sign-in sheet from the 2007 training, which reflects

6

Defendant's initials as an attendee.  On information and belief, Defendant also took Defendant's "IMSE Advanced Continuum" during February 13-16, 2013.

15.     Defendant's attendance at the foregoing training sessions and her receipt of associated materials conclusively demonstrate that Defendant had access to Plaintiff's manuals and materials.

16.     The training sessions that Defendant attended were intended to enable attendees, such as Defendant, to improve their educational techniques when teaching students with such issues as dyslexia.  The training sessions were manifestly not for the purpose of training attendees to train other teachers.  To the contrary, Plaintiff offers a year-long training mentorship that certifies teachers on how to properly train other teachers.

17.     On information and belief, and, according to an admission provided by Defendant, Defendant has conducted approximately 21 trainings for teachers in Fayette County, Kentucky public schools and personally trained about 840 teachers using Plaintiff's materials.  Defendant also provided an admission that she has conducted nine trainings (of approximately 300 teachers) outside of the public school environment.  If accurate, Defendant has misappropriated from plaintiff revenues from over 1140 attendees.  Given that Plaintiff charges $1075 per attendee, Plaintiff has lost, at a minimum, over $1.1 million in revenue due to the acts of infringement by Defendant.

18.     Plaintiff does not sell or authorize the sale of or authorize amendments to the manuals it uses for training teachers.  Notwithstanding, Defendant has deleted the copyright notices and has otherwise amended and distributed those manuals as part of her unauthorized teacher training sessions.  On information and belief, through inspection of Defendant's materials, approximately 90% reflect direct copying of Plaintiff's materials, including of pages that bear the Mark.

19.     Defendant's infringement came to Plaintiff's attention during 2016, wherein Defendant advertised a class for training teachers at the Green River Regional Educational Cooperative ("GRREC").

20.     An individual from Plaintiff's organization registered for and participated in the training at GRREC during July of 2016, during which the individual received infringing material which reflected the Mark.  In fact, during the training Defendant mentioned several times how she and an individual named Judy Terrell, who, on information and belief, attended the initial IMSE session with Defendant, created much of the material in the binder, notwithstanding that significant portions of the binder are completely plagiarized from Plaintiff's copyrighted works; there are even pages that are exact copies down to the inclusion of Plaintiff's IMSE Mark thereon.  Defendant also falsely informed the participants

8

at the seminar that they were free to use the manual and materials in any manner they wished, including reproducing them and sharing them with others.

21.     Given the abundance of misrepresentations Defendant made during the teacher training program Plaintiff attended, it would not surprise Plaintiff if Defendant made the same misrepresentations regarding her background, training, authorization from Plaintiff and the appropriateness of Defendant's materials to the school districts and educational cooperatives that have allowed Defendant to exploit their names and web sites to promote herself.  *See, e.g.,* Exhibits A and B. *See also* **Exhibit D**, a publication titled, "The Walton-Verona MIRROR" and dated Summer 2010, which says that Walton-Verona Elementary "was host to Mrs. Kim Cooper, resource specialist for Fayette County Schools for four days of training in the Orton-Gillingham approach to literacy June 15-18."  Of course, if Plaintiff discovers that the school districts and/or educational cooperatives were made aware of Defendant's fraudulent and infringing activity, then Plaintiff reserves the right to amend this Complaint.

22.     After attending the GRREC program, Plaintiff sent a demand letter to Defendant to cease and desist her unauthorized use and adaptation of Plaintiff's materials.  Nevertheless, and on information and belief, Defendant continues to infringe and contribute to the infringement of Plaintiff's intellectual property rights by others, thus rendering this lawsuit necessary.

9

23.     By distributing and otherwise profiting off of the infringing products in the United States, Defendant has stolen Plaintiff's ability to control the quality of its products and its brand, and has misrepresented to the public the origin and quality of Plaintiff's brand.  By way of illustration, Defendant has modified Plaintiff's 30-hour Comprehensive and 24-Hour Advanced Continuum Training Programs to a two-day training, *see, e.g.,* Exhibit B, yet continues to use Plaintiff's Mark to promote and in association with that deficient training program.

24.     Defendant has knowingly used in commerce with her presentations a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's trademark IMSE in connection with her distribution and/or advertising of counterfeit versions of Plaintiff's manuals as part of the courses that are being offered for sale, when such use is likely to cause confusion, or to cause mistake and/or to deceive.

25.     Defendant has, among other things, knowingly reproduced, counterfeited, copied, or colorably imitated Plaintiff's rights in its copyright - registered materials and in Plaintiff's Mark and has knowingly applied such reproduction, counterfeit, copy, or colorable imitation of Plaintiff's common law Mark to pages of her infringing versions of Plaintiff's copyright-registered materials, intended to be set out in commerce along with her presentations, with which such use is likely to cause confusion, or to cause mistake, or to deceive.

26.     Defendant is intentionally and willfully reproducing, promoting, distributing, offering for sale through her unauthorized teacher training courses in the United States and elsewhere, without Plaintiff's authorization and/or consent, versions of Plaintiff's materials or counterfeit Plaintiff's materials, to unfairly and fraudulently compete with Plaintiff and to benefit from the valuable favorable reputation and goodwill of Plaintiff's materials, Plaintiff's Mark and Plaintiff's brand.

27.     Defendant has and continues to use Plaintiff's Mark in such a fashion as to intentionally create a false impression among the consuming public that her materials originate from Plaintiff or are sponsored, approved by, managed and/or affiliated with Plaintiff, and to misrepresent the origin and quality of her products.

28.     Defendant's foregoing acts were and are likely and intended to cause confusion and mistake among the public, customers, prospective customers, and others and to deceive them as to, among other things, (i) the affiliation, connection and association of Defendant with Plaintiff, (ii) the origin, sponsorship, or approval of Defendant's materials by Plaintiff and (iii) the nature, characteristics and quality of Defendant's materials, all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendant's courses, coursework and materials.

29.     By reason of the foregoing, Plaintiff has suffered and will continue to suffer damage to its property, business, reputation and good will and has suffered and will continue to suffer dilution of the distinctive quality of the Plaintiff's Mark and the quality and reputation of its educational seminars, programs and materials and have lost and will continue to lose income and profits that Plaintiff would have earned but for Defendant's foregoing acts.

30.     Defendant's acts were knowing, intentional, willful and extraordinary.

31.     Plaintiff's remedy at law is inadequate to compensate Plaintiffs fully for its injuries.  Defendant continues to engage in the foregoing activities and, unless enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be extremely difficult or impossible to estimate the amount of compensation that would afford Plaintiff's complete monetary relief.

## FIRST CLAIM FOR RELIEF

### Federal Copyright Infringement
### Violation of 17 U.S.C. §501

32.     Plaintiff incorporates by reference the allegations of Paragraphs 1 – 31 of this Complaint.

33.     Plaintiff is the creator of unique and distinctive works, including its Teacher Training Manuals, which contain original material that is copyrightable

subject matter under the Copyright Laws of the United States and, as to which, Plaintiff has Copyright Registrations.

34.     Defendant has had access to Plaintiff's works in which Plaintiff owns the copyrights, and there are probative similarities between Plaintiff's works and Defendant's copied material.

35.     On information and belief, without any authorization from Plaintiff, or right under law, Defendant has used elements of Plaintiff's work that are protected by the Copyright Registrations.

36.     The foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of, and indifferent to, Plaintiff's rights in its works.

37.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights under 17 U.S.C. 101 et seq., Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).   Further, plaintiffs who can show willful infringement may be entitled to damages up to $150,000 per work.  Given Defendant's willful infringement, Plaintiff seeks statutory damages of $150,000 per work under 17 USC 504(c)(2).

38.      Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiff has no adequate

remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF

### Federal Contributory Copyright Infringement

39.     Plaintiffs incorporate by reference the allegations of Paragraphs 1-38of this Complaint.

40.     On information and belief, without any authorization from Plaintiff, or right under law, Plaintiff's manuals and other written materials use elements of Plaintiff's works that are protected by Copyright Registrations.

41.     On information and belief, without any authorization from Plaintiff, or right under law, Defendant not only committed direct copyright infringement but Defendant further knew of the direct infringement of others, such as by Judy Terrell, and, as well, Defendant has materially contributed to the infringement of the copyrights in Plaintiff's work by others, by providing infringing manuals and other materials to such others and, after informing them that she was the author of the infringing materials, granting them permission to copy and circulate those materials  without any authorization from Plaintiff, or right under law.

42.     The foregoing acts of contributory infringement by Defendant have been willful, intentional and purposeful, in disregard of, and indifferent, to Plaintiff's rights.

43.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive rights under 17 U.S.C. 101 et seq., Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

44.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyrights and exclusive rights under copyright.

## THIRD CLAIM FOR RELIEF

### Violation of RICO
### 18 U.S.C. § 1962 (c)

45.     Plaintiff incorporates by reference the allegations of Paragraphs 1 – 44 of this Complaint.

46.     18 U.S.C. Section 1964 (c) creates a private right of action for any "person" who has suffered a compensable injury.  Plaintiff is such a "person" for purposes of the RICO statute.

47.   Defendant is a culpable person for purposes of the RICO statute.

48.   In violation of 18 U.S.C. §1962(c), Defendant has conducted and participated in the conduct of the affairs of various enterprises through a pattern of racketeering activity, consisting of her multiple acts of criminal copyright infringement.  Such enterprises are, for purposes of the RICO statute, defined as (a) various educational cooperatives, (b) one or more school districts, as well as (c) the various training programs promoted, sponsored, and/or operated by such foregoing enterprises.

49.   Defendant's pattern of racketeering activity consists of a pattern of removing copyright notices from Plaintiff's copyright-protected materials and then, willfully and without authorization, creating and copying works that she has derived from Plaintiff's materials and disseminating those derivative and infringing works, along with Plaintiff's source-identifying Mark under the auspices of the foregoing enterprises and for the purpose of commercial advantage or private financial gain.  Thus, Defendant is guilty of criminal copyright infringement under 17 U.S.C. § 506(a) and (d) and, as well, 18 U.S.C. §2319, for criminal infringement of a copyright.  "Racketeering activity" under 18 U.S.C. §1961 (1) includes crimes committed under Section 2319, relating to criminal infringement of a copyright.

50.     Defendant's racketeering acts consist of at least two acts of criminal copyright infringement, the last of which occurred within ten years after the commission of the earlier act.  The acts have the same or similar purposes (to modify and present materials that are the property of this Plaintiff to groups of educators who pay, either directly, or through their school districts, for training programs offered by Defendant).  At least four examples of such programs appear as exhibits hereto.

51.     Based on the foregoing, Defendant conducted and participated in the conduct of the affairs of the relevant enterprises through a pattern of racketeering activity consisting of multiple acts of criminal copyright infringement and for the unlawful purpose of defrauding Plaintiff from revenues relating to its valuable intellectual property and defrauding attendees who were led to believe that the programs Defendant presented were under the auspices, training and direction of Plaintiff.

52.     The activities of the foregoing enterprises and/or Defendant's predicate acts in connection with the affairs of such enterprises affect interstate commerce.  By way of example, if Defendant did not engage in the aforementioned acts of copyright infringement, Plaintiff would have been able to conduct significantly more training sessions and sell additional course materials to and through such enterprises.  Pursuant to 18 U.S.C. § 2319(a), criminal penalties are

in addition to any civil provisions; under 17 U.S.C. §506(d) Plaintiff seeks an

additional sum in the amount of the fine of $2500 per each infringing copy of

Plaintiff's copyrighted work.

### FOURTH CLAIM FOR RELIEF

**Federal Unfair Competition, False Advertising,
False Designation of Origin, and Passing Off
Violation of 15 U.S.C. §1125(a)**

53.     Plaintiff incorporates by reference the allegations of Paragraphs 1 – 52

of this Complaint.

54.     On information and belief, the unauthorized use by Defendant of the

designation or Mark, **" IMSE,"** on pages of Defendant's competing manuals is

likely to cause the public to mistakenly believe that such goods originate from, are

endorsed by or are in some way affiliated with Plaintiff and thus constitute

trademark infringement, false advertising, false designation of origin, passing off,

and unfair competition and are likely to cause Plaintiff's Mark to lose its

significance as an indicator of origin.   Defendant's actions are in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Upon information and belief, the appropriation of Plaintiff's Mark by

Defendant as set forth above is a part of a deliberate plan to trade on the valuable

goodwill established in Plaintiff's Mark.  With knowledge of Plaintiff and

Plaintiff's rights in Plaintiff's Mark and with the deliberate intention to unfairly

benefit from Plaintiff's goodwill generated thereby, the actions of Defendant have been carried out in willful disregard of Plaintiff's rights in violation of 15 U.S.C. §1125(a) and constitute an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). Plaintiff is, therefore, entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition, Misappropriation And Trademark Infringement

56.     Plaintiff incorporates by reference the allegations of Paragraphs 1 - 55 of this Complaint.

57.     By her aforesaid conduct calculated to increase her revenues at Plaintiff's expense by deceiving and confusing members of the public, on information and belief Defendant continues to misappropriate the valuable goodwill of Plaintiff's Mark, to infringe Plaintiffs' rights therein, and to unfairly compete with Plaintiff under the laws of Michigan.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

58.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 - 57 of this Complaint.

59.     Defendants are being unjustly enriched to the damage and irreparable harm of Plaintiffs.

## SEVENTH CLAIM FOR RELIEF

### THEFT OF TRADE SECRETS
### Violation of 18 U.S.C. § 1836 et seq.

60.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 - 59 of this Complaint.

61.     The Defend Trade Secrets Act ("DTSA") of 2016, Pub. L. No. 114-152, 130 Stat. 376, which was passed into law on May 11, 2016 and amends chapter 90 of Title 18 of the U.S. code, forbids threatened and actual misappropriation of trade secrets "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836(b)(1) (as amended).

62.     Under the DTSA, "trade secret" means, among other things, all forms and types of business information, including methods, techniques, processes, or programs, whether tangible or intangible, if the owner has taken reasonable measures to keep such information secret and the secret derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.  18 U.S.C. § 1839(3) (as amended).

63.     Plaintiff's Teacher Training Manuals, including the manual provided to Defendant as part of the five-day training session in April of 2007, make it clear that the materials therein are confidential and proprietary to Plaintiff and contain Plaintiff's trade secrets.  In fact, the instructor for the training session that Defendant took from Plaintiff defined everything as the confidential information of Plaintiff and the instructor expressly stated that the session was not geared to 'training the trainer' but only to prepare the attendee for the classroom or tutoring.

64.     Defendant was not to use Plaintiff's Confidential Information, including Plaintiff's trade secrets, for any purpose other than for the education of special education pupils in the classroom.

65.     Defendant in fact modified Plaintiff's trade secret materials in order to obliterate the proprietary copyright notice that Plaintiff had placed thereon.

66.     On information and belief, without any authorization from Plaintiff, or right under law, Defendant used Plaintiff's Confidential Information, including its trade secrets to further Defendant's plans to enter into the market for teacher training and compete with Plaintiff by using elements of Plaintiff's works that are Plaintiff's trade secrets.

67.     By using Plaintiff's trade secrets for purposes other than the authorized purpose, Defendant has breached its obligations to Plaintiff and used improper means to knowingly appropriate Plaintiff's trade secrets.

68.    The foregoing acts have been willful, intentional, and purposeful, in disregard, of and, indifferent to Plaintiff's rights.

69.    As a direct and proximate result of Defendant's misappropriation of Plaintiff's trade secrets, Plaintiff is entitled to all remedies available under 18 U.S.C. §1836 (b) (3), including an award of damages for actual losses, unjust enrichment, the imposition of a reasonable royalty, and/or exemplary damages in an amount not more than two times the amount of damages, as well as reasonable attorneys' fees.   As well, because Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further misappropriation of its trade secrets.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.    A preliminary and permanent injunction enjoining Defendant and all persons in active concert or participation with Defendant, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or

distribution of copies of programs which include works or portions of works protected by copyrights;

B.      A preliminary and permanent injunction enjoining Defendant and all persons in active concert or participation with Defendant, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized use of Plaintiff's confidential information and trade secrets;

C.      A judgment that Plaintiff is the owner of the entire right, title and interest in and to the IMSE Mark.

D.      A judgment that Plaintiff's rights in the IMSE Mark are valid, enforceable and violated by Defendant and that Defendant has violated and is violating other relevant federal and state laws and regulations.

E.      A preliminary and permanent injunction ordering that Defendant, her agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from (1) using Plaintiff's IMSE Mark, any designations incorporating the Mark and any variations thereof; (2) misrepresenting in any way the source of origin of any written materials they sell or distribute; (3) making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of the infringed versions of

23

Plaintiff's materials; (4) disposing of, destroying, moving, relocating, or transferring any and all of the infringed versions of Plaintiff's materials, as well as the packaging and other items relating to those materials; (5) disposing of, destroying, moving, relocating, or transferring any means for making labels, stickers, packages, discs, stationery, business forms and cards or other items relating to Defendant's versions of Plaintiff's materials; (6) disposing of, destroying, moving, relocating or transferring any documents pertaining to the sale, receipt, promotion, advertising, distribution, and/or shipment of Defendant's versions of Plaintiff's materials; (7) teaching anything related to the Orton-Gillingham methodology for the reason that, given her past conduct, it would be impossible for Plaintiff not to continue to infringe on the copyrights and trade secrets of Plaintiff.; and (8) otherwise infringing Plaintiff's Mark and competing unfairly with Plaintiff.

F.     That Defendant be required to pay to Plaintiff's damages according to proof and Plaintiff's statutory damages, pay all fines allowable under 18 U.S.C. § 2319, as well as disgorge any unjust enrichment sums, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendant's wrongful acts, and to account for and return to Plaintiff any monies, profits and advantages wrongfully gained by Defendant.

G.      That Defendant be held to have infringed Plaintiff's Copyright Registrations and that Plaintiff be awarded an increased award of statutory damages for willful infringement pursuant to 17 U.S.C. §504 and that Defendant be required to pay Plaintiff's costs of this action along with attorneys' fees as is permitted under 17 U.S.C. § 505.

H.      That the Court appropriately construe the RICO statute and find that Defendant and all other persons in active concert or in participation with her, be enjoined temporarily during the pendency of this action, and permanently thereafter, from committing any more predicate acts and from associating with any of the aforementioned RICO enterprises and from conducting or participating, either directly or indirectly in the conduct of the affairs of any enterprise and that Defendant be required to account for all gains, profits and advantages derived from her several acts of racketeering activity in violation of 18 U.S.C. § 1962 (c).

I.      That all damages sustained by Plaintiff be doubled or trebled under the authority of a number of the foregoing statutes, including, without limitation, the authority of 18 U.S.C. §1964 (c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962 (C).

J.      That Defendant be required to pay to Plaintiff punitive and exemplary damages.

K.      That Defendants be required to pay to Plaintiffs all attorney fees, expenses and costs incurred in this action.

L.      That Defendant deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all materials that infringe Plaintiff's rights or contributed to the infringement of Plaintiff's rights, falsely designated source or origin, or otherwise facilitated Defendant's unfair competition with Plaintiff.

M.      That an Order be issued directing Defendant to file with this Court and serve on Plaintiff's attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

N.      That an Order be issued directing Defendant to account to Plaintiff for all profits from her infringement of Plaintiff's Mark.

O.      That Plaintiff be granted such further relief as this Court may deem appropriate.

## **<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

FISHMAN STEWART PLLC

Dated:  September 16, 2016

By: /Michael B. Stewart/
Michael B. Stewart (P45318)
Barbara L. Mandell (P36437)
Linda Monge Callaghan (P63395)
Fishman Stewart PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Phone: 248-594-0600
Fax: 248-594-0610
*Attorneys for Plaintiff*